IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD HENLEY, ID # 1234515, )<br>Petitioner, )<br>vs. )<br> )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>Respondent. ) | No. 3:06-CV-0237-P (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge an April 27, 2004 probation revocation proceeding in Cause No. F02-73189-IH. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

In August 2002, the State indicted petitioner for aggravated sexual assault of a child. *See* S.H. Tr.[1] at 47. After petitioner pled guilty to the charged offense, on September 10, 2003, the court placed him on ten years deferred adjudication probation and imposed several conditions; petitioner

---

[1] "S.H. Tr." denotes the state habeas records attached to *Ex parte Henley*, No. 62,124-01, slip op. (Tex. Crim. App. Aug. 17, 2005).

signed a written copy of the conditions acknowledging his receipt and understanding of them. *See id.* at 41-42, 51, 57-58.[2] Two of his several conditions of probation required petitioner to notify his probation officer of any change in his home or employment address within twenty-four hours of such change (Condition (e)) and to register within seven days as a sex offender with local law enforcement authorities of any community in which he resides for more than seven days (Condition (o)). *Id.* Petitioner did not appeal his placement on deferred adjudication probation or the conditions of probation.

On October 23, 2003, the State filed a motion to revoke petitioner's probation and requested final adjudication of his offense because petitioner allegedly violated Conditions (e) and (o). *Id.* at 65-66. On April 27, 2004, petitioner entered into a plea agreement whereby he would plead true to the alleged probation violations in exchange for a fifteen year sentence. *Id.* at 38-39. That same day, the trial court conducted a revocation hearing, accepted petitioner's plea of true, adjudicated petitioner guilty of aggravated sexual assault, and sentenced him to fifteen years imprisonment. *See id.* at 28-33, 61. Upon questioning by the court and his attorney, petitioner affirmatively stated that he was freely and voluntarily pleading true. *Id.* at 30-32.

Petitioner filed no appeal from the revocation of probation or adjudication of guilt. On November 17, 2004, petitioner filed a state application for writ of habeas corpus, *see id.* at 2-10, that the Court of Criminal Appeals denied without written order on the findings of the trial court on August 17, 2005, *see Ex parte Henley*, No. 62,124-01, slip op. at 1 (Tex. Crim. App. Aug. 17, 2005).

---

[2] The copies in the State Habeas record are not as clear as they could be. The best copy of the conditions of probation is found as Petr.'s Ex. A that is attached to his petition and supporting memoranda.

On January 24, 2006, petitioner filed the instant petition for federal habeas relief. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He also filed multiple memoranda and exhibits in support of his petition.[3] Respondent thereafter filed a motion for summary judgment[4], (*see* Answer) and provided the state-court records. Petitioner filed a response to that motion. (*See* Pet. Henley's Rebut to Resp. Quarterman's Mot. Summ. J. [hereinafter Reply Brief].)

C. <u>Substantive Issues</u>

Petitioner asserts that (1) his plea of true to the revocation allegations was rendered involuntary due to ineffective assistance of counsel; (2) his revocation attorney rendered ineffective assistance; (3) the State violated his due process rights by revoking his probation based upon vague conditions of probation; and (4) no evidence supports the revocation allegations. (Pet. at 7-8; Mem.

---

[3] Petitioner's exhibits and supporting memoranda are attached to his petition. For ease of reference, the Court will cite to the memoranda as Mem. Supp. Ground 1, Mem. Supp. Ground 2, etc.

[4] The Court expressly directed Respondent to file an "Answer" pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts [hereinafter Habeas Rules], and specifically requested "respondent to caption the Answer appropriately and *not as a . . . Motion for Summary Judgment*, or other such motion seeking judgment as a matter of law." (*See* Order of Show Cause, doc. 4.) The Fifth Circuit has recognized the general principle that Fed. R. Civ. P. 56 – the federal rule governing summary judgment – "applies with equal force in the context of habeas corpus cases." (*See* Mot. Summ. J. at 3 (quoting *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).) This general principle is based upon Habeas Rule 11 and Fed. R. Civ. P. 81(a)(2). *See Clark*, 202 F.3d at 764. Rule 11 provides the courts discretionary authority to apply the Federal Rules of Civil Procedure in a habeas action "to the extent that they are not inconsistent with any statutory provisions or [the Habeas Rules]." Rule 81(a)(2) provides in pertinent part that the Federal Rules of Civil Procedure apply in habeas proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States" or the Habeas Rules. Habeas Rule 4 provides for preliminary review of habeas petition and specifically provides that "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

In this case, the Court's order to file an answer pursuant to Habeas Rule 4 effectively removed the general applicability of Fed. R. Civ. P. 56 to this action. Although the instant motion for summary judgment is a technical non-compliance with the order to show cause, the Court will not strike the pleading for such non-compliance at this juncture. Because the motion equates to an answer in all respects other than its title and references to summary judgment, the Court will simply construe the motion as respondent's answer to the petition and will cite to it as such.

3

Supp. Ground 1 at 1-3; Mem. Supp. Ground 2 at 1-9; Mem. Supp. Ground 3 at 1-4; Mem. Supp. Ground 4 at 1-2.)

**D. Exhaustion**

Respondent concedes that petitioner has exhausted the claims presented in this action because he raised them in his state application for writ of habeas corpus. (Answer at 3.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89

(Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution

5

of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

With these AEDPA standards in mind, the Court proceeds to address petitioner's various claims.

## III. VOLUNTARINESS OF PLEA AND INEFFECTIVE ASSISTANCE OF COUNSEL

In his first claim, petitioner asserts that ineffective assistance of counsel rendered his plea of true to the revocation allegations involuntary. (Pet. at 7; Mem. Supp. Ground 1 at 1-3.) In his second claim, he asserts that his attorney rendered ineffective assistance when she (A) failed to contact, interview, and subpoena a witness critical to his defense (his former girlfriend Sonya Stephens); (B) used overly coercive tactics to persuade petitioner to plead true; (C) failed to subject the prosecutor's case to meaningful adversarial testing; and (D) provided arguments for the State in response to his state application for writ of habeas corpus. (Pet. at 7; Mem. Supp. Ground 2 at 1-9.)

Courts in this district have found that a plea of true to revocation allegations must be entered voluntarily and intelligently in the same manner as a plea of guilty to criminal charges. *See Derringer v. Quarterman*, No. 3:06-1471-M, 2007 WL 604002, at *2-3 (N.D. Tex. Feb. 27, 2007) (findings, conclusions, and recommendation of magistrate judge accepted by District Court); *Robinson v. Dretke*, No. 3:03-CV-2838-B, 2005 WL 1249485, at *4 (N.D. Tex. May 25, 2005) (findings, conclusions, and recommendation of magistrate judge), *accepted by* 2005 WL 1429606 (N.D. Tex. June 17, 2005); *Whitten v. Cockrell*, No. 3:01-CV-1487-D, 2003 WL 21509163, at *7-8 (N.D. Tex. Apr.11, 2003) (findings, conclusions, and recommendation of magistrate judge accepted by District Court). Consequently, a "totality of the circumstances" standard determines whether a "plea of true

6

to alleged probation violations is voluntary and intelligent." *Whitten*, 2003 WL 21509163, at *8. Furthermore, as with a guilty plea, a petitioner may challenge a plea of true on grounds that his or her attorney rendered ineffective assistance of counsel. *See id.* at *10.

To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard applies to challenges to a plea of true to revocation allegations. *Whitten*, 2003 WL 21509163, at *10.

To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). In the context of a plea of true to alleged probation violations, the prisoner must show a reasonable probability that, but for deficiencies of counsel, he would not have admitted the probation violations and would have insisted that the State prove such violations. *Whitten*, 2003 WL 21509163, at *11.

7

Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. Further, petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Petitioner in this case raised his claims of involuntary plea and ineffective assistance of counsel in his State application for writ of habeas corpus. *See* S.H. Tr. at 7. Before considering the claims, the state trial court requested that petitioner's former attorney furnish "any response to said application that [she] deemed to be appropriate." *Id.* at 21. The attorney submitted an affidavit in which she averred that (1) petitioner understood the consequences of pleading true to the revocation allegations; (2) she determined that Ms. Stephens could not be located after months of searching; (3) after petitioner rejected the State's offer of fifteen years imprisonment, she had petitioner speak to the attorney who had represented him when he pled guilty to the criminal charges, and that attorney informed petitioner that fifteen years was an excellent plea offer and that the judge would probably give him more than that if he entered an open plea; (4) she informed petitioner that his original attorney told her that the case could warrant a fifty year sentence; (5) she did not render ineffective assistance regarding locating Ms. Stephens; (6) petitioner was legally arrested and his probation was properly revoked on his voluntary plea of true to the allegations; and (7) sufficient evidence supported his plea of true. *Id.* at 24-26.

The trial court found counsel "trustworthy" and the statements in her affidavit "worthy of belief." *See id.* at 21. It further found that petitioner knowingly and voluntarily entered his plea of

8

true to the revocation allegations. *See id.* It also found that counsel rendered effective assistance on his behalf. *Id.* The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. *See Ex parte Henley*, No. 62,124-01, slip op. at 1 (Tex. Crim. App. Aug. 17, 2005).

Petitioner asserts four deficiencies of counsel: (1) alleged failures related to locating petitioner's former girlfriend Sonya Stephens; (2) alleged coercive tactics to obtain a plea of true; (3) a general failure to subject the prosecutor's case to meaningful adversarial testing; and (4) making affirmative arguments for the State with respect to his state application for writ of habeas corpus. The latter alleged deficiency of counsel provides no basis for federal habeas relief. Not only was the attorney not acting as counsel for petitioner when she responded to the claims raised in petitioner's state application, but she was merely responding to the trial court's request for a response. The attorney's response to the state application certainly had no impact on the voluntariness of petitioner's plea of true because it occurred well after the entry of such plea. There is simply no deficiency of counsel under these facts.

With respect to the alleged failures related to locating Ms. Stephens, the attorney's affidavit adequately explains the efforts to locate Ms. Stephens and that the inability to locate the witness was not due to any lack of diligence or effort. The trial court found the attorney credible. The credibility finding is presumed correct unless petitioner rebuts it with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner has not shown clear and convincing evidence which overcomes that presumption. The Court thus finds that counsel did not render deficient representation related to contacting, interviewing, and subpoenaing Ms. Stephens.

9

Counsel's affidavit also addressed the alleged coercion she exerted on petitioner to plead true. She therein admitted that she contacted petitioner's trial attorney who informed petitioner that fifteen years was an excellent plea offer. She further admitted that she told petitioner that his case could warrant a fifty year sentence. The actions of counsel do not constitute coercion or deficient performance. Petitioner and his attorney knew that his offense carried a statutory maximum sentence of ninety-nine years or life imprisonment. *See* S.H. Tr. at 67 (original plea agreement whereby petitioner agreed to plead true). They knew that his offense involved petitioner putting his sexual organ in the mouth of a six-year-old child. *See id.* at 53 (last page of deferred adjudication order), 71 (judicial confession). They knew that the State was alleging that he failed to satisfy two notice provisions of his conditions of probation. *See id.* at 45-46 (motion to proceed with an adjudication of guilt). Considering petitioner's offense, advising petitioner to plead true to revocation allegations in exchange for a fifteen year plea offer appears reasonable.

Petitioner, moreover, affirmatively stated on the record in response to questioning by the court and his attorney that he was freely and voluntarily pleading true. *Id.* at 30-32. He stated that he understood that by pleading true he was waiving his right to a contested hearing. *Id.* at 31. The plea documents provide petitioner with written admonitions regarding his rights and shows that he expressly waived such rights by pleading true. *Id.* at 38-39. The record reflects that petitioner had a clear understanding of the proceedings against him, the nature of the alleged probation violations, and the consequences of entering his plea of true. Petitioner has not overcome the presumption of verity accorded solemn declarations made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (holding that "[s]olemn declarations in open court carry a strong presumption of verity [and] [t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to sum-

mary dismissal"). He has not overcome the presumption of regularity and "great weight" accorded state-court records. *See Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that state-court records are accorded "great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that state-court records are entitled to a "presumption of regularity"). His assertions of coercion are unsupported by the record and contrary to his confirmation in open court that his plea of true was "freely and voluntarily made." The Court finds his plea uncoerced and further finds that counsel did not perform deficiently with respect to petitioner pleading true.

Petitioner also makes a general claim that his attorney failed to subject the prosecutor's case to meaningful adversarial testing. This claim amounts to little more than a re-characterization of his claims that his attorney coerced him into pleading true and failed to locate Ms. Stephens. Contrary to petitioner's allegations, however, counsel provided effective assistance during the revocation process. She was prepared to subject the prosecutor's case to meaningful adversarial testing until petitioner freely and voluntarily pled true to the revocation allegations, and she diligently looked for Ms. Stephens.

For the foregoing reasons, petitioner's claims of involuntary plea and ineffective assistance of counsel entitle him to no habeas relief.

## IV. DUE PROCESS VIOLATION

In Claim 3, petitioner asserts that the State violated his due process rights by improperly revoking his probation based upon vague conditions of probation. (Pet. at 7; Mem. Supp. Ground 3 at 1-4.) He claims that, although Conditions (e) and (o) require him to give notice when he changes his address, such conditions are vague to the extent they require notice when he simply spends time at his girlfriend's house. (Mem. Supp. Ground 3 at 2-3.) He asserts that he saw no con-

11

dition of his probation "which dictated that he could not stay overnight away from his primary address if he so chose to." (*Id.* at 3.)

Respondent argues that petitioner has not shown the conditions of his probation to be unconstitutionally vague. (Mot. Summ. J. at 15.) He contends that petitioner simply wants the Court to re-weigh the evidence against him. (*Id.* at 16.) He further contends that petitioner's probation was revoked for spending two weeks at his girlfriend's house without following proper procedure, not for spending the night at her house. (*Id.*)

"It is well established that due process must be afforded probationers in connection with the revocation of probation." *Jones v. Johnson*, 230 F.3d 825, 827 (5th Cir. 2000) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." *Black v. Romano*, 471 U.S. 606, 610 (1985) (citing *Bearden v. Georgia*, 461 U.S. 660, 666 & n.7 (1983)).

Notice is a fundamental requirement of due process. *See Lambert v. California*, 355 U.S. 225, 228 (1958). "Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed." *Id.* Due process requires that persons have notice of what conduct is forbidden by a criminal statute. *See United States v. Harriss*, 347 U.S. 612, 617 (1954) (holding that "[t]he constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute"). "The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *Id.* Despite the constitutional requirement of definiteness, "if the general class of offenses to which [a] statute is directed is plainly

12

within its terms, the statute will not be struck down as vague even though marginal cases could be put where doubts might arise." *Id.* at 618; *accord Ferguson v. Estelle*, 718 F.2d 730, 735 (5th Cir. 1983) (holding that one cannot complain about the vagueness of a statute when that person's "own conduct is within the core of the proscribed conduct").

The requirement of definiteness is equally applicable in the context of a violation of a condition of probation. *See United States v. Locke*, 482 F.3d 764, 766-68 (5th Cir. 2007) (considering a vagueness challenge to condition of probation). The "unforeseeable application" of a condition of probation violates the principle of due process. *See Douglas v. Buder*, 412 U.S. 430, 432 (1973). In addition, when a court finds a violation of a condition of probation, its finding must have some "evidentiary support" lest it be found "invalid under the Due Process Clause of the Fourteenth Amendment." *Id.* (holding that a finding "so devoid of evidentiary support" is invalid under the Due Process Clause).

In this case, nothing of record indicates that petitioner did not know about the conditions of probation imposed upon him. To the contrary, he signed the conditions of probation and his briefing in this action indicates that he knew that he had obligations to give notice if he changed addresses. It appears clear that petitioner received constitutionally adequate notice as to what was expected of him. He merely quarrels with whether his actions necessitated a change of address notice. Petitioner, however, judicially confessed to violating the change of address conditions of his probation as alleged in the State's motion to adjudicate guilt. *See* S.H. Tr. at 70. By freely and voluntarily pleading true to the alleged probation violations, petitioner relieved the State of its burden to put forth evidence to sustain the allegations. *Cf. Stovall v. Cockrell*, No. 3:00-CV-1407-P, 2003 WL 21750707 at *10 (N.D. Tex. July 29, 2003) (findings, conclusions, and recommendation

13

of magistrate judge addressing plea of true to enhancement paragraphs), *accepted by* 2003 WL 22289958 (N.D. Tex. Aug. 21, 2003). By voluntarily pleading true to alleged probation violations, petitioner conceded that he in fact violated the terms of his probation. Petitioner's judicial confession that he violated the terms of his probation provides sufficient evidence to avoid a due process violation based upon a lack of evidentiary support. For all of these reasons, the Court finds no due process violation resulting from the revocation of petitioner's probation.

## V. SUFFICIENCY OF THE EVIDENCE

In Claim 4, petitioner asserts that, the State should not have accepted his plea of true because there is no evidence that he moved or changed his address. (Pet. at 8; Mem. Supp. at 1-2.)

A claim that "no evidence" supports a conviction is the same as a challenge to the legal sufficiency of the evidence. *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002) (noting that a claim of "no evidence" is the same as a claim of insufficiency of the evidence), *vacated on other grounds*, 541 U.S. 386 (2004); *United States v. Jackson*, 86 Fed. App'x 722, 722 (5th Cir. 2004) (per curiam) (applying insufficiency-of-the-evidence analysis to claim of "no evidence"). In the instant context, petitioner's claim of no evidence is the same as a challenge to the sufficiency of the evidence to support his plea of true. However, as noted in the previous section, petitioner freely and voluntarily entered his plea of true and judicially confessed to violating the change of address conditions of his probation. Consequently, the State had no reason to present evidence to sustain the revocation allegations. A "failure of the Texas state court to require evidence of guilt corroborating a voluntary plea" raises "[n]o federal constitutional issue." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986) (quoting *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir.1983)). The "mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable

doubt is inapplicable to convictions based on a . . . plea." *Id.* at 702-03. Similarly, a failure of the state court to require evidence to corroborate petitioner's voluntary plea of true raises no federal constitutional issue. Moreover, petitioner's judicial confession that he violated the terms of his probation provides sufficient evidence to support his plea of true. For all of these reasons, petitioner's Claim 4 entitles him to no federal habeas relief.

## VI. STATE CONSIDERATION OF CLAIMS

Petitioner raised each of his federal claims in his state writ. The Texas Court of Criminal Appeals denied that writ on the findings of the trial court, and thus adjudicated the claims on the merits. The decision to deny habeas relief at the state level is consistent with applicable Supreme Court precedent. The decision involved no unreasonable application of Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in the instant petition.

## VII. EVIDENTIARY HEARING

Upon review of the petition and answer filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VIII. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

SIGNED this 31st day of August, 2007.

                                                                  _____
                                                                  IRMA CARRILLO RAMIREZ
                                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                  _____
                                                                  IRMA CARRILLO RAMIREZ
                                                                 UNITED STATES MAGISTRATE JUDGE